1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        San Francisco Division

11   JOAQUIN GONZALES,                    Case No. 21-cv-07175-LB

12              Plaintiff,

13        v.                              **ORDER TO SHOW CAUSE**

14   MARTIN GAMBOA,                       Re: ECF No. 1

15              Defendant.

16

17                          **INTRODUCTION**

18        Petitioner Joaquin Gonzales is currently in the custody of respondent Martin Gamboa,

19   Warden, at Avenal State Prison in Avenal, California. Mr. Gonzales filed this action seeking a writ

20   of habeas corpus.[1] Mr. Gonzales's petition is now before the court pursuant to 28 U.S.C. § 2254

21   and Rule 4 of the Rules Governing Section 2254 and 2255 Cases in the United States District

22   Courts. This order requires the respondent to respond to the petition.

23

24

25

26

27
     _____

28   [1] Habeas Pet. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint
     citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**STATEMENT**

The Alameda County District Attorney's Office charged Mr. Gonzales with three felony counts: (1) assault with a firearm in violation of California Penal Code Section 245(a) (with a sentencing enhancement for personally using a firearm under Penal Code Section 12022.5(a)); (2) shooting at an occupied motor vehicle in violation of Penal Code Section 246; and (3) being a felon in possession of a firearm in violation of Penal Code Section 29800(a)(1). The prosecution alleged that he had a prior conviction for attempted robbery, which made him eligible for an additional five-year prison term.[2]

A jury convicted Mr. Gonzales of all three counts and found the firearm enhancement and prior conviction allegations to be true, and Mr. Gonzales was sentenced to an eighteen-year-and-four-month prison term on October 17, 2016.[3] He appealed his conviction to the California Court of Appeal.[4] On December 5, 2019, the First District Court of Appeal reversed the jury's prior conviction enhancement, affirmed the remainder of the conviction, and remanded the case.[5] On January 1, 2020, Mr. Gonzales filed a petition for review with the California Supreme Court, and the court denied the petition on February 26, 2020.[6] On October 5, 2020, the Alameda County Superior Court resentenced him to a fourteen-years-and-eight-month prison term.[7]

Mr. Gonzales now brings this petition for writ of habeas corpus, contending that the Alameda County Sheriff's Office's use of Automated License Plate Reader technology during their investigation was a warrantless search that violated his rights under the Fourth Amendment.[8]

---

[2] *Id.* at 6–7 (¶ 1).

[3] *Id.* at 7 (¶¶ 2–3).

[4] *Id.* (¶¶ 4–5); Appellate Brief, Ex. A to *id.* – ECF 1-1.

[5] *Id.* (¶ 6); *People v. Gonzalez*, No. A150198 (Cal. Ct. App. Dec. 5, 2019), Ex. B to *id.* – ECF No. 1-2.

[6] *Id.* (¶ 7); Pet., Ex. C to *id.* – ECF No. 1-3.

[7] *Id.* at 7 (¶ 8); Resentencing Minute Order, Ex. D to *id.* – ECF No. 1-4.

[8] *Id.* at 11 (¶¶ 24–26).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Gonzales alleges that he is in custody in violation of the Fourth Amendment to the U.S. Constitution.

Courts "shall forthwith award the grant or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only when the allegations in the petition are vague or conclusory or palpably incredible, or patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (cleaned up). The court cannot say that Mr. Gonzales' allegations are vague, conclusory, palpably incredible, or patently frivolous or false. The respondent must respond to Mr. Gonzales' petition.

**CONCLUSION**

For the foregoing reasons,

1.  Mr. Gonzales's petition warrants a response.

2.  The clerk must serve by mail a copy of this order and the petition and all attachments thereto upon the respondent.

3.  The clerk also must serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent.

4.  By November 19, 2021, the respondent must file and serve upon Mr. Gonzales an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

5.  If Mr. Gonzales wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent by December 17, 2021.

The matter will be taken under submission, or set for hearing, in the court's discretion.

1

**IT IS SO ORDERED.**

2

Dated: September 21, 2021

3

4

LAUREL BEELER
United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California